UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON SCHOOL COMMITTEE and MARY SKIPPER, in her official capacity as Superintendent of the Boston Public Schools, <br><br> Defendants. | Civil Action No. 1:25-cv-12015-WGY |

## **MOTION TO DISMISS**

Defendants Boston School Committee and Mary Skipper, Superintendent of Boston Public Schools (collectively "BPS"), hereby move to dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to state a cognizable claim. Plaintiff Boston Parent Coalition for Academic Excellence Corp. ("Coalition"), parents of white students denied admission to the BPS Exam School of their preference, is back before this Court, once again claiming that BPS's evenly applied, facially race-neutral admission plan – this time based on the socioeconomic tiers in which applicants fall – allegedly violates their equal protection rights.

The First Circuit's (and this Court's) prior holdings in the Coalition's previous lawsuit, which attacked BPS's previous zip-code based Exam School admissions plan, plainly govern here. *See Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. for City of Bos.*, 89 F.4th 46 (1st Cir. 2023), *cert. denied,* 145 S. Ct. 15 (2024); *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. for City of Bos.*, No. CV 21-10330-WGY, 2021 WL 4489840 (D. Mass.

Oct. 1, 2021). And as these holdings make clear, in claiming BPS's socioeconomic tier-based admission plan resulted in less Exam School over-representation than the over-representation white students previously enjoyed, the Coalition has failed to allege the adverse disparate impact necessary for a viable equal protection claim. Just as plainly, by flatly asserting that BPS implemented its race-neutral plan mindful, and even desirous, of the racial diversity it hoped to engender, does not suffice for purposes of alleging that BPS acted with invidious discriminatory purpose, also necessary for a viable equal protection claim.

In furtherance of these arguments, BPS relies on its Memorandum of Law in Support of Motion to Dismiss, filed herewith.

WHEREFORE, BPS respectfully request that this Honorable Court dismiss the Coalition's Complaint in its entirety.

        Respectfully submitted,

        BOSTON SCHOOL COMMITTEE and MARY SKIPPER, Superintendent of Boston Public Schools,

        By their attorneys,

        /s/ *Kay H. Hodge*
        Kay H. Hodge (BBO # 236560)
            khodge@scmllp.com
        John M. Simon (BBO #645557)
            jsimon@scmllp.com
        Stoneman, Chandler & Miller LLP
        99 High Street
        Boston, MA 02110
        (617) 542-6789

Dated:  September 11, 2025

**Local Rule 7.1(A)(2) Certification**

I hereby certify that, pursuant to Local Rule 7.1(A)(2), Defendants' counsel conferred by email with Plaintiff's counsel, Christopher M. Kieser, Esq., on September 4, 2025, regarding the subject matter of this motion in a reasonable and good faith attempt to resolve and/or narrow the issues addressed herein.

/s/ *John M. Simon*
John M. Simon

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as nonregistered participants on September 11, 2025.

/s/*John M. Simon*
John M. Simon