UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON SCHOOL COMMITTEE and MARY SKIPPER, in her official capacity as Superintendent of the Boston Public Schools, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 25-12015-WGY |

YOUNG, D.J.                                            March 19, 2026

**ORDER**

Boston Parent Coalition for Academic Excellence Corporation ("the Coalition") is a nonprofit organization that has sued the School Committee of the City of Boston ("the Committee") and the Superintendent in her official capacity under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment. See Compl. ¶¶ 121 - 137, ECF No. 1. The Coalition alleges that the Committee's "Tier System" admissions framework for the Boston Exam Schools (Boston Latin School, Boston Latin Academy, and the John D. O'Bryant School of Science and Mathematics) racially discriminates against white and Asian-American students. Id. ¶¶ 1, 3, 5, 128-130.

[1]

The Committee moves to dismiss the single count, on the grounds that the complaint fails to state an equal protection claim. See Mot. Dismiss, ECF No. 19. The matter is fully briefed. See Mem. Supp. Mot. Dismiss ("Defs.' Mem."), ECF No. 20; Pl's. Opp'n. Mot. Dismiss, ECF No. 27; Defs.' Reply Opp'n. Mot. Dismiss, ECF No. 48.

On March 10, 2026, this Court held a hearing on the motion to dismiss, taking the matter under advisement. Elec. Clerk's Notes, ECF No. 83. At the hearing, this Court focused the parties' attention on the difference between the so-called "Zip Code Plan" and Tier System. The Zip Code Plan was the policy at issue in Boston Parent Coal. for Acad. Excellence Corp. v. School Comm. of City of Boston. No. 21-10330-WGY, 2021 WL 4489840 (D. Mass. Oct. 1, 2021) [hereinafter Boston Parent Coalition I], aff'd sub nom. Boston Parent Coal. for Acad. Excellence Corp. v. School Comm. for City of Bos., 89 F. 4th 46 (1st Cir. 2023) [hereinafter Boston Parent Coalition II], cert. denied Boston Parent Coal. for Acad. Excellence Corp. v. School Comm. for City of Bos., 145 S. Ct. 15 (2024) [hereinafter Boston Parent Coalition III].

The Zip Code Plan at issue in Boston Parent Coalition I allocated seats at the Exam Schools via grade point average ("GPA") and zip code, removing the previously used standardized test. See Boston Parent Coalition I, 2021 WL 4489840 at *6.

[2]

Under the Zip Code Plan, 20% of seats were reserved for applicants based purely on their GPA.  Id.  The remaining 80% were divided among the twenty-nine Boston zip codes, or a designated zip code created for homeless students and students in state custody.  Id.  Students within each zip code competed solely against the other students in that zip code (rather than the applicant pool at large) for the seats allocated to that zip code.  Id.  The Zip Code Plan was developed in 2020 and was used until 2022.  Compl. ¶ 29, 33.

This action challenges the Tier System, which was implemented in the 2022-2023 admissions cycle.  Id. ¶ 71.  The Tier System created "eight equally-sized socioeconomic tiers based on five socioeconomic factors from the U.S. Census Bureau's American Community Survey ('ACS'): limited English households, single parent households, owner occupied households, educational attainment, and poverty."  Defs.' Mem. at 3 (citation omitted).  After competing for a spot within their "Tier" based on their GPA, applicants would then receive "bonus points" for attending "a high-poverty elementary school (the most common way to get bonus points)," experiencing homelessness, being in the foster care system, or living in public housing.  Id. at 3—4.  The Committee has continued to "tweak" the Tier System since then, reintroducing the standardized test to be calculated with applicants' GPA to

[3]

determine their ranking within each tier (2023-24), adjusting the number of "bonus points" that students received based on their individual tier (2024-25), and reducing the number of tiers from eight to four (2025-26).  Id. at 4.

Under controlling precedent in the First Circuit, the Coalition has failed to allege a legally cognizable equal protection claim.  While the Coalition may have alleged sufficient facts to clear the plausibility hurdle of Federal Rule of Civil Procedure 12(b)(6) in the absence of precedent, the existing precedent governs here.  The Tier System and Zip Code Plan -- while different -- possess the same factual pillars that the First Circuit rejected as insufficient to demonstrate an equal protection violation in its 2023 consideration of substantially the same issue.  Both plans are undisputably facially race-neutral and fail to demonstrate aggregate disparate impact when using the comparator of school-aged population.  See Boston Parent Coalition II, 89 F. 4th at 59 (utilizing the comparator of "eligible school-age population.").

The Court acknowledges that other Circuits, see Chinese Am. Citizens All. of Greater New York v. Adams, 116 F. 4th 161 (2d Cir. 2024); Sargent v. School Dist. of Philadelphia, 165 F. 4th 727 (3d Cir. 2026); Coalition for TJ v. Fairfax Cnty. Sch. Bd., 68 F. 4th 864 (4th Cir. 2023), cert. denied 146 S. Ct. 541 (2024), and the Justices dissenting from the 2024 denial of

[4]

certiorari in Boston Parent Coalition III, 145 S. Ct. at 15-18 (Alito, J., dissenting) (joined by Thomas, J.) (criticizing the First Circuit's requirement of disparate impact analysis based upon overrepresentation and the requirement of "disparate impact as a necessary element of an equal-protection claim"); Id. at 15 (Gorsuch, J., respecting the denial of certiorari); see also Lincoln Caplan, What Trump Means for John Roberts's Legacy, HARV. MAG. (Oct. 8, 2025) https://www.harvardmagazine.com/legal/supreme-court-chief-justice-john-roberts-trump-united-states, have adopted varying approaches to the issue of facially neutral school admissions policies.  This Court is, of course, duty-bound to follow First Circuit precedent.  See United States v. Moore-Bush, 963 F. 3d 29, 37 (1st Cir. 2020), reh'g en banc, 36 F. 4th 320 (1st Cir. 2022), cert. denied Moore v. United States, 143 S. Ct. 2494 (2023).  Accordingly, drawing every inference in favor of the Coalition, the claim fails as matter of law under the First Circuit's holding in Boston Parent Coalition II.

The Court thus **GRANTS** the Motion to Dismiss (ECF No. 19), and **DISMISSES** the action, solely on the basis that it is bound by the similarity of the present challenge to the First Circuit's decision in Boston Parent Coal. for Acad. Excellence Corp. v. School Comm. for City of Bos., 89 F. 4th 46 (1st Cir. 2023).  As discussed at the hearing, the Coalition's right to

[5]

appeal this narrow, but dispositive, legal determination is saved. The Court expressly does not decide the remaining issues raised in the motion. Should the First Circuit clarify otherwise, the Court shall consider the remaining arguments upon remand.

**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.

[6]